STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-252


RONALD BROOKS

VERSUS

ALLRIDE AUTO, LLC

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-4638, DIV. L
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

Cooks, J., dissents.


                                                        **AFFIRMED**.


**Ronald Brooks**
**# 124637 H-8, P.C.C.**
**Post Office Box 1056**
**DeQuincy, Louisiana 70633-1056**
**PLAINTIFF/APPELLANT:  IN PROPER PERSON**

**Paul N. DeBaillon**
**DeBaillon & Miley**
**201-A Travis Street**
**Post Office Box 51387**
**Lafayette, Louisiana 70505**
**(337) 237-0598**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **AllRide Auto, LLC**

**GENOVESE, Judge.**

Plaintiff, Ronald Brooks, appeals the trial court's denial of his *pro se* Petition for Rule to Show Cause against Defendant, AllRide Auto, LLC (AllRide). For the following reasons, we affirm.

## FACTS

Mr. Brooks filed a "Petition for Rule to Show Cause" (Rule to Show Cause) against AllRide, alleging that he was "the holder of a promissory note, regarding a (1996 Dodge Ram), VIN No. 1B7HC16YOTS577617[,] which was executed by (All Ride Auto), an Auto Dealership franchise." Mr. Brooks contended that he "acquired the property subject to terms of the lease[,]" and that AllRide was "willfully and subjectively holding said vehicle without cause." The Rule to Show Cause further set forth that on May 9, 2008, via a power of attorney, Mr. Brooks authorized his mother, Mable Brooks, to manage his affairs, including "the upkeep of his automobile including monthly payments." "Thereafter, on or about June 23, 2008[, Mr. Brooks'] truck was taken into the defendant's auto shop for repairs. . . ." Allegedly, Ms. Brooks "was thereafter notified by All Ride Auto that said truck could not be released to her as she was not the owner[,] and she could not provide a verifiable signature." Thus, in filing the Rule to Show Cause, Mr. Brooks was "challenging the denial of All Ride Auto from releasing said automobile to his mother." The Rule to Show Cause prayed that AllRide show cause why Mr. Brooks "should not be awarded the continued use of his movable, a 1996 Dodge Ram 1500."

In response to the Rule to Show Cause, AllRide filed a "Dilatory Exception of Improper Use of Statutory [sic] Proceedings and Answer" wherein it excepted to the pleadings filed by Mr. Brooks insofar as he sought to obtain "summary relief and that such relief may not be granted by summary proceedings." Additionally, AllRide denied that Mr. Brooks was the holder of the promissory note. AllRide asserted that

the promissory note which was executed in its favor was "assigned to and held by Empire Credit, LLC." Additionally, "a petition for executory process [had] been filed in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, Docket No. 2008-5758," as a result of Mr. Brooks being "in default under the terms of the installment sale contract[,] and that the vehicle is presently under seizure for failure to make payments of installments due and for failure to maintain insurance on the vehicle." AllRide did admit that, due to Mr. Brooks' detention in a correctional facility and pursuant to his request, "the vehicle was towed to Stan's Auto Center, LLC[,] for repairs caused by misuse of the vehicle by the Plaintiff; the vehicle [was] inoperable and [was] still located at Stan's Auto Center, LLC."

The Rule to Show Cause was heard by the trial court on October 20, 2008, at which time the trial court denied the rule. A judgment in accordance therewith was signed on October 20, 2008. Mr. Brooks appeals.

## ISSUE

The *pro se* appellate brief filed by Mr. Brooks fails to set forth any issues or assignments of error for our review. Instead, his brief states the following:

> The decision of the 15th Judicial District Court is in err. District Court Judge Marilyn Castle erred in relation to the proceedings that took place in the court on [October] 20, 2008. Procedural due process in this case has been violated. This case deals with a question of fact[;] therefore[,] this court has the authority to review this case, and its progeny. Petitioner nevertheless challenges the ruling of the court.

For the reasons which follow, we find no merit to these contentions.

## LAW AND DISCUSSION

Mr. Brooks' appellate brief is incomprehensible. However, it appears that his contention as set forth above relative to a lack of procedural due process is grounded upon his not being present at the October 20, 2008 hearing. In brief, he states the

2

following:

> With all due respect concerning the lower court's decission [sic], it is in my opinion that the court was in error in having the knowledge that I am incarcerated and would not be at liberty to be present in front of the court at my desire[,] denying all relief[,] stating that Mr. Brooks had only supplied the court with a post office box address[.] [T]he court stated again that they needed a physical address. [Court orders are sent to the post office boxes of jails and prison's [sic] on a daily basis.] Mr. Brooks supplied the court with a physical address of the jail that he was occupying at the time. At a latter [sic] date[,] the court summoned Mr. Brooks at the Depatment [sic] of Corrections, C. Paul Phelps Correctional Ctr., located at P.O. Box 1056[,] DeQuincy, La., on the date of October 17, 2008, which was on a Friday; court was set for Monday 10/20/08. One of the two followed this event: **1)** the court did not allow enough time for arranging transportation, **2)** the court notified only Mr. Brooks and failed to notify the facility of the court hearing not allowing Mr. Brooks to be present to defend his intrest [sic] and right in that he was denied his rights to the Louisiana Const. Art. I § 2. Due process of law; and, Art. I § 16. Right to a fair trial.

This court has reviewed the entire record of these proceedings, including the transcript of the October 20, 2008 hearing. The transcript and the judgment confirm that Mr. Brooks was not present at the hearing. Rather, after noting that Mr. Brooks had filed in proper person and that he was incarcerated, the trial judge stated that she did not "know that there was ever a transport order requested on him." This observation was corroborated by defense counsel who indicated that he had "not seen or heard anything."

Although Mr. Brooks contends that his lack of presence at the hearing violated his due process rights, he has cited no authority, nor is there any authority requiring that the trial court, *sua sponte*, arrange for his transportation and appearance at civil proceedings such as the one filed by him herein. To the contrary, it was incumbent upon Mr. Brooks to arrange for his transportation and appearance at the hearing if he desired to attend. Mr. Brooks' absence was of his own making and is not an error of the trial court as he seemingly asserts on appeal.

3

Additionally, the transcript of the hearing confirms the trial court's ruling that the vehicle at issue was not in the possession of AllRide. The record reveals that Mr. Robert Hawkins, an employee of AllRide, testified at the October 20, 2008 hearing. According to Mr. Hawkins, Mr. Brooks had purchased a vehicle from AllRide. Subsequently, Ms. Brooks contacted him to advise that the vehicle, which was located in New Orleans, was inoperable, and she requested that AllRide pick up the vehicle and repair it. At the expense of AllRide, the vehicle was towed from New Orleans to Stan's Auto Center in Lafayette. Mr. Hawkins testified that the vehicle had "a blown engine, and the rest of the vehicle [was] in deplorable condition." Finally, Mr. Hawkins confirmed the institution of foreclosure proceedings due to Mr. Brooks' failure to make timely payments on the note and his failure to maintain the requisite insurance on the vehicle. Based upon this evidence, the trial court orally ruled as follows:

> [B]ased on the testimony that I've heard and the evidence also in regard to the fact that a foreclosure proceeding is pending, the Court is going to deny the [P]laintiff's request to have the vehicle turned over to him.
>
> It does appear that -- up until the point of seizure, that the vehicle was really not in the possession of All Ride, in any event.

Based upon the record, we do not find that the decision reached by the trial court on the Rule to Show Cause was in error.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Ronald Brooks.

**AFFIRMED.**

4